## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS
U.S. POST OFFICE & COURTHOUSE
P.O. BOX 3684
LITTLE ROCK, ARKANSAS 72203

G. THOMAS EISELE
SENIOR JUDGE

April 27, 2010

**LETTER ORDER**

Mr. Ralph J. Blagg
Blagg Law Firm
Post Office Box 1169
Clinton, AR 72031-1169

Mr. Michael S. Gordon
Ms. Patricia Sievers Harris
U. S. Attorneys Office - Little Rock
Eastern District of Arkansas
Post Office Box 1229
Little Rock, AR 72203-1229

   Re: *United States v. Sorrell Honea,* Case No.  4-07-CR-264 (6) GTE

Dear Counsel:

I have just reviewed the Presentence Report ("PSR") for Mr. Honea.  I write to express my concern about the application of the statutory mandatory minimum sentence in this case and to ask whether Mr. Honea might qualify for the "safety valve."

Mr. Honea was one of five co-defendants convicted in connection with a marijuana conspiracy.  He was the only Defendant who exercised his constitutional right to a jury trial.  The jury acquitted him on 2 of the 3 counts.  He was acquitted of the most serious charge -- conspiracy to manufacture marijuana (Count 1) as well as the charge of aiding and abetting the possession with intent to distribute marijuana (Count 3).  His sole conviction was for aiding and abetting the manufacture of marijuana (Count 2).  This conviction was, I believe, based principally on the jury's finding that he permitted the other Defendants to cross his property to access the adjoining land where the grow operation was located and also provided them access to his water supply.  There was no competent evidence that Mr. Honea profited in any way from the manufacture or distribution of the marijuana. If I recall correctly, the only evidence that Mr. Honea was to share profits in the grow operation came from the principals in the conspiracy.  The jury obviously rejected such testimony in acquitting Mr. Honea of the conspiracy charge.  As the PSR notes, Mr. Honea has no criminal record.

Page 1 of 4

The PSR indicates that Mr. Blagg contends that there are grounds for a guideline departure. Although he cites *U.S. v. Gall*, 552 U.S. 38 (2007), the case appears to have little, if any, application to this case because of the statutory minimum of 120 months. The Court's authority to downwardly depart from the applicable Guideline range, or to impose a non-Guideline sentence (or variance), does not include the authority to ignore Congress' statutorily stated minimum sentence for a particular offense.

If a 10 year sentence is imposed, Mr. Honea is almost certain to receive the longest sentence of any Defendant in this case. Yet, he is, in my judgment, among the least culpable. Further, it is my understanding that Mr. Honea was offered, but refused, plea deals at least as favorable (and perhaps more so) as those offered and accepted by some of his co-Defendants. While a 10 year sentence for Mr. Honea would, I believe, create a manifest injustice, the Court is unaware at this point of any legal basis, other than possibly the safety valve, that might permit the Court to sentence Mr. Honea to less than 10 years.[1] If Defendant has some novel constitutional or other argument which he believes should persuade me to the contrary, now is the time to make it.

A defendant is entitled to the safety valve reduction if he meets the following criteria:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f); see also U.S.S.G. § 5C1.2.

---

[1] The Court assumes that a 5K or Rule 35 motion is not a realistic possibility.

The burden is on Mr. Honea to establish by a preponderance of the evidence that he has met each of the five eligibility requirements for the safety valve.[2]  Section 3553(f)(5)'s full disclosure requirement, quoted above, appears to be the only contested requirement.  In the event the parties dispute whether Mr. Honea has complied with this requirement, this Court would then be called upon to assess whether Mr. Honea has made a complete and truthful disclosure.  Having heard all the evidence in the case, I concur with the jury's finding that Mr. Honea did not join the drug conspiracy (Count 1) or have anything to do with the marijuana stored in his barn (Count 3), even if I applied the lesser preponderance standard.  Thus, my tentative view is that Mr. Honea's full disclosure would not have to include any details regarding the acquitted charges.

Neither Mr. Honea's jury conviction nor his prior denials of any personal wrongdoing prevent him from being safety valve eligible.[3]  And, the Eighth Circuit has affirmed the view that a defendant may wait until the sentencing hearing to satisfy the safety valve's full disclosure requirement.[4]  Finally, I note that there is no requirement that a defendant's proffer be oral.  A written submission has been held sufficient to satisfy § 3553(f)(5), but the information must be provided directly to the Government, albeit any Assistant United States Attorney should suffice.[5]

---

[2]  *United States v. Guerra-Cabrera*, 477 F.3d 1021, 1025 (8th Cir. 2007).

[3]  See *United States v. Gonzalez-Montoya*, 161 F.3d 643, 652 (10th Cir. 1998) ("Conviction by a jury does not foreclose relief under the safety valve provision.");  *United States v. Brownlee*, 204 F.3d 1302, 1304 (12th Cir. 2000) ("Nothing in the statute suggests that a defendant who previously lied or withheld information from the government is automatically disqualified from safety-valve relief.");  *United States v. Tournier*, 171 F.3d 645, 646-48 (8th Cir. 1999) (rejecting an interpretation of § 3553(f)(5) that would "prohibit sentencing courts from applying the safety valve to defendants who wait until the last minute to cooperate fully [or] . . . to those whose tardy or grudging cooperation burdens the government with a need for additional investigation").

[4]  *United States v. Madrigal*, 327 F.3d 738, 744, n.8 (8th Cir. 2003) (affirming continuation of sentencing hearing to provide defendant with opportunity to fully disclose his role in offense; noting that the safety valve is not precluded simply because a tardy disclosure is less helpful to the government).

[5]  See *U.S. v. Mejia-Pimental*, 477 F.3d 1100, 1107, n. 12 (9th Cir. 2007) ("That the proffer was written and not oral is of no consequence . . ." ; *United States v. Cruz*, 106 F.3d 1553 (11th Cir. 1997) (written statement found to be untruthful);  *U.S. v. Real-Hernandez*, 90 F.3d 356, 361 (9th Cir. 1996) ("A defendant need not disclose information to any particular government agent" as "knowledge attributed to one prosecutor is attributable to others as well.").

Mr. Blagg, please advise whether you intend to attempt to qualify Mr. Honea for the safety valve, and, if so, the status of that effort.  And, more generally, the Court seeks the views of both attorneys on the safety valve, or any other, sentencing issue.

I remain,

Yours truly,

\s\ G. Thomas Eisele

G. Thomas Eisele